IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01418-GPG

DALE J. RICHARDSON,

      Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
OFFICER ALEXANDER,
AURORA ICE PROCESSING CENTER, and
J. CHOATE,

      Respondents.

---

## ORDER OF DISMISSAL

---

Petitioner, a detainee at an immigration detention center in Aurora, Colorado, initiated this action by filing *pro se* on May 25, 2021, a pleading captioned "Ex Parte Petition for Writ of Habeas Corpus" (ECF No. 1) and paying the $5.00 filing fee for a habeas corpus action. On May 26, 2021, Magistrate Judge Gordon P. Gallagher ordered Petitioner to cure a deficiency if he wishes to pursue his habeas corpus claims in this action. Magistrate Judge Gallagher specifically directed Petitioner to file an amended pleading using the District of Colorado habeas corpus pleading form. Magistrate Judge Gallagher also noted that portions of the "Ex Parte Petition for Writ of Habeas Corpus" (ECF No. 1) were not legible. Magistrate Judge Gallagher directed the Clerk of Court to mail to Petitioner a blank copy of the proper form and the Court's

docketing records indicate the form was sent. Petitioner was warned that the action would be dismissed without further notice if he failed to cure the deficiency within thirty days.

On June 7, 2021, Petitioner submitted a legible copy of the "Ex Parte Petition for Writ of Habeas Corpus" (ECF No. 5) and a letter (ECF No. 4) arguing he is not required to use the District of Colorado habeas corpus pleading form. On June 28, 2021, Magistrate Judge Gallagher entered a Minute Order (ECF No. 6) explaining that the local rules for the District of Colorado require the use of the court-approved form. *See* D.C.COLO.LCivR 5.1(c) ("If not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."). Magistrate Judge Gallagher gave Petitioner another opportunity to cure the deficiency within thirty days and reminded him that the action would be dismissed without further notice if he failed to cure the deficiency within the time allowed.

Petitioner has failed to cure the deficiency within the time allowed. Therefore, the action will be dismissed without prejudice for failure to prosecute and cure the deficiency. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

5#

#

ORDERED that the "Ex Parte Petition for Writ of Habeas Corpus" (ECF Nos. 1 & 5) is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Petitioner failed to prosecute and cure the deficiency as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __5th__ day of _____August_____, 2021.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court